# CIRCUIT COURT OF THE CITY OF FREDERICKSBURG

Larry T. Hegland et al.

v.

Robert Kravetz et al.

June 23, 1997

Case No. CH97-164

BY JUDGE JOHN W. SCOTT, JR.

This matter came before the Court for oral argument on June 19, 1997, upon the motion of the Plaintiffs for a preliminary injunction. The Plaintiffs, in their capacity as minority stockholders in the Defendant corporation, Fredericksburg Anesthesia Associates, Inc., seek to enjoin the issuance of shares of stock which were authorized by a majority of the Board of Directors of the Defendant corporation on April 17, 1997, and authorized for issuance by the subject Board of Directors on June 18, 1997. The Plaintiffs allege that the issuance of the subject stock to four employees of the Defendant corporation violates their "preemptive rights" granted by § 13.1-651, Va. Code (1950, as amended). Specifically, Plaintiffs request that the Court enter a Temporary Restraining Order declaring null and void the Corporate Resolutions of April 17, 1997, and June 18, 1997, authorizing the issuance of such stock or, in the alternative, prohibit the actual transfer of said stock until the Plaintiffs have had an opportunity to exercise their preemptive rights.

The applicable provisions of § 13.1-651, Va. Code (1950, as amended), state in pertinent part:

> The shareholders of a corporation have a preemptive right, granted on uniform terms and conditions described by the Board of Directors, to provide a fair and reasonable opportunity to exercise the right, to acquire proportional amounts of the corporation's unissued shares upon the decision of the board of directors to issue them. . . .

C. . . . There is no preemptive right with respect to: (1) Shares issued to officers or employees of the corporation or its subsidiaries pursuant to a plan approved by these shareholders, or: (2) shares sold other than for money.

In this case, a majority of the Board of Directors authorized the issuance of additional shares of stock in the Defendant corporation and the distribution of said shares to four employees of the corporation for a consideration "other than for money" on June 18, 1997. On that same date, the Board of Directors declared the April 17, 1997, resolution, issuing four hundred shares of stock for one dollar per share to the same four individuals, to be null and void.

Plaintiffs argue that these actions of the Board of Directors are nothing more than a sham transaction for the purpose of giving one of the Defendants absolute control of the Defendant corporation. In addition, Plaintiffs argue that they are irreparably harmed because the issuance of these additional shares violates their preemptive rights and diminishes the value of their stock in the Defendant corporation. Finally, the Plaintiffs argue that the majority of the Board of Directors breached their fiduciary duty in authorizing the issuance and distribution of the additional shares since they were not sold "for value."

All parties agree that the Articles of Incorporation of the Defendant corporation in no way modify the preemptive rights of the shareholders. All parties agree that the Plaintiffs were not offered an opportunity to purchase any of the newly authorized shares of stock. Consequently, the principle question before the Court is whether or not the actions of the Defendant Board of Directors on June 18, 1997, fall within the exceptions enunciated in § 13.1-651(C)(1) or (2), Va. Code (1950, as amended).

This Court finds that the subject shares were issued to four employees of the corporation and were sold "other than for money." There are a number of benefits that a corporation may gain when its employees become actual "owners." Ownership may instill a sense of pride in one's work product, a determination to work harder, a determination to work longer, a desire to be more diligent, a greater willingness to participate in the managerial functions of the business, and a sense of pride and accomplishment simply because the employee can now say "this is mine." The employee/owner may understand that the more income he generates for the business, the greater the profit; the greater the profit, the greater his personal income.

There is no factual evidence before the Court that the individual Defendants in this litigation have breached their fiduciary duties in authorizing the issuance of additional stock to employees under these circumstances. Furthermore, the evidence does not support Plaintiffs' contention that the

Defendant Members of the Board of Directors have squandered corporate assets and engaged in "self dealing." This Court finds that the Defendant Members of the Board of Directors of Fredericksburg Anesthesia Associates, Inc. made a business decision to increase the number of shareholders in the Defendant corporation. Whether this decision will benefit the corporation in the long run remains to be seen. However, it is not the prerogative of this Court to impose its judgment for that of the Board of Directors.

Wherefore, it is adjudged, ordered, and decreed that Plaintiffs' Motion for a Temporary Restraining Order as to the issuance and distribution of additional shares of stock by the Defendant, Fredericksburg Anesthesia Associates, Inc., on June 18, 1997, does not violate the preemptive rights of the shareholders in the Defendant corporation and is therefore denied.